

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2004

# USA v. King

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3109

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. King" (2004). *2004 Decisions.* Paper 863.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/863

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3109

UNITED STATES OF AMERICA

v.

JERMAINE KING
a/k/a Waters

Jermaine King,

Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 00-CR-313-01)
District Court Judge: Honorable J. Curtis Joyner

Argued March 29, 2004

Before: ALITO, FISHER, and ALDISERT, Circuit Judges.

(Opinion Filed:  April 7, 2004)

ROBERT E. MADDEN
Law Offices of Robert E. Madden
1401 Walnut Street
Suite 300
Philadelphia, PA 19102

*Counsel for Appellant*

KATHY A. STARK (Argued)
Suite 1250
Office of the United States
Attorney
615 Chestnut Street
Philadelphia, PA 19106

*Counsel for Appellee*

---

OPINION OF THE COURT

---

PER CURIAM:

As we write only for the parties involved, we will not restate the evidence below. We find King's claims to be without merit and affirm the District Court's ruling and sentence.

First, the District Court properly increased King's sentence based on his significant leadership role in the conspiracy and the firearm that was used in the conspiracy. As this Circuit has already held that Apprendi v. New Jersey, 530 U.S. 466 (2000), does not apply unless the sentence imposed exceeds the statutory maximum for the conviction, we reject King's argument that Apprendi applies to his sentence. See, e.g., United States v. Williams, 235 F.3d 858, 862-863 (3d Cir. 2000) cert. denied 534 U.S. 818 (2001); United States v. Cepero, 224 F.3d 256, 267 fn. 5 (3d Cir. 2000)(en banc) cert. denied 531 U.S.

2

1114 (2001).  We also hold that the District Court was not clearly erroneous[1] when it sentenced King based on his leadership role in the conspiracy.  Both  witnesses and telephone and beeper records show King to have been the center of his drug gang.  Furthermore, the District Court was not clearly erroneous when it found that the use or possession of a firearm in the conspiracy was clearly foreseeable.  As the leader of a sizeable crack cocaine distribution ring, in which two members had already been shot, the use of a firearm by a member of the conspiracy was more than reasonably foreseeable.  See United States v. Ramos, 147 F.3d 281, 286-287 (3d Cir. 1998); United States v. Dixon, 982 F.2d 116 (3d Cir. 1992).

Second, we find that the District Court did not abuse its discretion when it admitted the government's charts and exhibits summarizing the electronic communications between the conspirators.  See App. A64-A70.  The government, through witnesses and records, was able to properly establish that all of the telephone and beeper numbers on the charts and exhibits were controlled by King or his associates.  See, e.g., Supp. App. at 172-173, 103; 126; 149.  Furthermore, the charts and exhibits were accurately explained by a government witness, see Supp. App. 205-208, and the District Court did not abuse its discretion in finding them more probative then prejudicial.  See

---

[1]While we believe that the District Court properly used the "preponderance of the evidence standard," United States v. Miele, 989 F.2d 659, 663 fn. 3 (3d Cir. 1993), our holding would be the same even under the "clear and convincing evidence" standard. United States v. Kikumura, 918 F.2d 1084, 1110-1111 (3d Cir. 1990)

Federal Rules of Evidence 403 and 1006; <u>United States v. Serafini</u>, 233 F.3d 758, 768 fn. 14 (3d Cir. 2000).

For the above reasons, we affirm.